IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
JAMES DEWEES,                    :
        Plaintiff
                                 :

        vs.                      :  CIVIL NO. 1:CV-04-0291

DAUPHIN COUNTY,                  :
FRANCIS CHARDO,
DOMINICK DEROSE,                 :
JOHN DOE I,
JOHN DOE II,                     :
        Defendants
```

M E M O R A N D U M

I.   Introduction

      We are considering the Defendants' motion for attorney's fees pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Federal Rule of Civil Procedure 11.  The Plaintiff, James DeWees, filed suit against the Defendants alleging various violations of his First Amendment rights.  DeWees has filed a motion to strike the Defendants' motion for attorney's fees.  Based on the following discussion, we will deny the Defendants' motion and dismiss the Plaintiff's motion as moot.

II.   Standards of Review

      42 U.S.C. § 1988(b) allows for attorney's fees to be awarded for actions brought under 42 U.S.C. § 1983.  In pertinent part, § 1988(b) provides that "the court, in its discretion, may allow the prevailing party, other than the

United States, a reasonable attorney's fee as part of the costs [of litigation]...." While a defendant may be a "prevailing party" for purposes of the statute, the standard for awarding fees "to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs." *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 157-8 (3d Cir. 2001). "[A] prevailing defendant is entitled to attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation....'" *Id.* at 158 (*quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648, 657 (1978)). However, the defendant need not show that the plaintiff brought the action in "subjective bad faith." *Barnes Foundation,* 242 F.3d at 158.

> 28 U.S.C. § 1927 provides that:
>
>> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The statute gives a court the power to sanction an attorney for misconduct. *Ford v. Temple Hospital*, 790 F.2d 342, 346-7 (3d Cir. 1986). That power, however, should be exercised "'only in instances of a serious and studied disregard for the orderly process of justice.'" *Id.* (*quoting Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983)). In order to impose this sanction on an attorney, a

court must find that the attorney acted with "willful bad faith." *Ford*, 790 F.2d at 347; *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991).

The shifting of attorney's fees under Rule 11 also serves as a sanction against an attorney or a party. Fed. R. Civ. P. 11; *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 504 (3d Cir. 1991). A court need not find that a party or attorney acted in bad faith to impose a sanction under the rule. *Anjelino v. New York Times Co.*, 200 F.3d 73, 100-1 (3d Cir. 1999). Instead, a court must look at the "reasonableness [of the conduct] under the circumstances." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir. 1991). Reasonableness means "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Id.* (*quoting Jones v. Pittsburgh National Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990)). Rule 11 sanctions are reserved for "'exceptional circumstances' where a claim or motion is patently unmeritous or frivolous." *Summit Motor*, 930 F.2d at 289 (*quoting Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988)).

III. <u>Discussion</u>

The Defendants rely on factors enumerated in the Third Circuit's *Barnes Foundation* opinion to argue that they are entitled to attorney's fees under § 1988. In *Barnes Foundation*,

3

the Third Circuit noted that the following guidelines are helpful in determining whether a civil rights claim is frivolous: (1) did the "plaintiff [establish] a prima facie case;" (2) did the "defendant [offer] to settle;" (3) was the case "dismissed ...prior to trial;" (4) were the issues raised matters of first impression; and (5) the existence of "a real threat of injury to the plaintiff." *Barnes Foundation*, 242, F.3d at 158.  These factors, however, are not determinative and a finding of frivolousness should be made on a "case-by-case basis." *Id*.

The Defendants contend that an analysis of these factors weighs in favor of granting them attorney's fees because: (1) their motion to dismiss was granted in part and the remaining claims were dismissed with prejudice after the Plaintiff moved for voluntary dismissal; (2) no settlement offers were made; (3) the case was dismissed prior to trial; (4) there was no issue of first impression; and (5) there was no threat of injury to the Plaintiff as no adverse employment action was taken against him.  Further, the Defendants maintain that the Plaintiff has admitted in his motion for voluntary dismissal that he has no evidence to support his claims.  The Plaintiff's main argument in opposition to the Defendants' motion is that the Defendants have not filed any evidence in support of their request for fees and, as a result, cannot meet

4

their burden to show that their request is reasonable.[1]  Without this evidence, DeWees contends that he cannot contest the reasonableness of their request.

Assuming, *arguendo*, that Dewees' Complaint is frivolous and that the Defendants are entitled to attorney's fees, we must agree with the Plaintiff that the Defendants have not met their burden to prove the reasonableness of the fees requested.  The Defendants have requested $8,206.67 in attorney's fees and $808.02 in costs.  They indicated in their brief that the attorney's fees were calculated using an hourly rate of $100.00.  However, the Defendants have provided no evidentiary support for their requests.  A defendant bears the burden to prove the reasonableness of the fees he has requested and "must 'submit evidence supporting the hours worked and rates claimed.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)(*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40, 50 (1983)).  Once he has done so, the burden shifts to the plaintiff to "challenge" the reasonableness of the fees requested through "affidavit or brief" specific enough to put the Defendant on notice as to the fees contested.  *Rode*, 892 F.2d at 1183.  In the instant case, the Defendants have failed to carry their burden and we cannot grant them attorney's fees under § 1988.

---

[1] This argument appears in the Plaintiff's brief in support of his motion to strike which he also indicates is his brief in opposition to the Defendants' motion for attorney's fees.

5

With regard to their motion pursuant to § 1927, the Defendants argue that attorney's fees should be awarded for the time that they spent preparing their motion for summary judgment because Plaintiff's attorney should have know that there was no basis for him to oppose their motion.  In order to award attorney's fees under § 1927, we must find that the Plaintiff's attorney acted with "willful bad faith."  *Ford*, 790 F.2d at 347.  The Defendants have not made an attempt to show that Plaintiff's attorney acted with "willful bad faith" by not moving to voluntarily dismiss the action prior to their motion for summary judgment.  Further, although the merits of Plaintiff's Complaint may be questionable, we cannot find that his attorney's failure to move for a voluntary dismissal at the time desired by the Defendants rises to the level of a "'serious and studied disregard for the orderly process of justice'" on the part of Plaintiff's attorney.  *Id.* (*quoting Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983)).

Finally, the Defendants request attorney's fees as sanctions under Rule 11.  They invite us to infer that Plaintiff had an improper motive in bringing his suit because he had filed another civil rights action that was pending at the time this current suit was filed.  They also argue that there was no evidentiary support for Plaintiff's claims.  First, the Defendants have offered no evidence to show that the Plaintiff's

6

motive for filing his suit was improper.  Second, Plaintiff has voluntarily dismissed his claims.  "[A] party who seeks Rule 11 sanctions based upon allegations in a complaint, cannot wait until the action has been voluntarily dismissed by the opposing party because the party who voluntarily dismisses a case has withdrawn the offending pleading by dismissing the case." *Morroni v. Gunderson*, 169 F.R.D. 168, 171 (M.D.Fla. 1996)(*citing Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449 (E.D.N.Y.1995)); *see also Hockley by Hockley v. Shan EnterprisesLtd Partnership*, 19 F.Supp.2d 235, 240 D.N.J. 1998). Therefore, we will deny the Defendants' request for attorney's fees under Rule 11 and enter an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 26, 2005

7

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JAMES DEWEES,                         :
        Plaintiff
                                      :

        vs.                           : CIVIL NO. 1:CV-04-0291

DAUPHIN COUNTY,                       :
FRANCIS CHARDO,
DOMINICK DEROSE,                      :
JOHN DOE I,
JOHN DOE II,                          :
        Defendants
```

O R D E R

AND NOW, this 26th day of August, 2005, it is ordered that:

    1. The Defendants' motion for attorney's fees (doc. 43) is denied.

    2. The Plaintiff's motion to strike (doc. 49) is dismissed as moot.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge